

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# ALABAMA NORTHEASTERN DIVISION

| | |
|---|---|
| Beneka Reed, ) | |
| ) | |
| Plaintiff. ) | Civil Action No.: |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| Vuteq USA, Inc., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Beneka Reed, ("Plaintiff") by and through her undersigned counsel, and hereby files this Complaint against Vuteq USA, Inc. ("Defendant") and seeks redress for discrimination and retaliation suffered by Plaintiff in her capacity as an employee of the Defendant. Defendant discriminated against the Plaintiff on the basis of Plaintiff's race in violation of **Title VII** of the Civil Rights Act of 1964, as amended, **42 U.S.C §§ 2000e *et seq*, 42 U.S.C. §§ 1981 *et seq*,** and any other cause(s) of action that can be inferred from the facts set forth herein and states the following:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(3), 42 U.S.C. § 1981, 28 U.S.C. §1331, and 28 U.S.C. §1343(a)(4).

2. The unlawful employment acts, and other acts alleged herein, took place within the Northeastern Division of the Northern District of Alabama.

3. Venue is proper in this Court, the United States District Court for the Northern District of Alabama, pursuant to **Title 28, U.S.C. § 1391** and the Local Rules of the United States District Court for the Northern District of Alabama.

## PARTIES

4. Plaintiff, Beneka Reed, is domiciled in the State of Alabama.

5. At all relevant times, the Plaintiff was an "employee" of the Defendant as defined under Title VII.

6. The Defendant, Vuteq USA, Inc., is a foreign corporation licensed to do business in the State of Alabama.

7. At all relevant times, Defendant Vuteq USA, Inc. was an "employer" as defined under Title VII.

8. Defendant Vuteq USA, Inc. employs over 15 employees and is subject to Title VII.

## COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS OF TITLE VII

9. Plaintiff has complied with the jurisdictional requirements of Title VII that on to wit: Plaintiff caused a Charge of Discrimination in employment to be filed with the Equal Employment Opportunity Commission (hereinafter sometimes referred to as the "EEOC") in accordance with Section 705 of Title VII.

10. A Notification of Right to Sue letter was received on September 8, 2021, and this Complaint has been filed within ninety (90) days of receipt of said Notification of Right to Sue. A copy of the notice is attached as Exhibit 1.

## GENERAL FACTS

11. Plaintiff began her employment with the Defendant on or around March 24, 2021.

12. During her initial interview with the Defendant Plaintiff informed the Defendant that she had completed course work at Trevecca and received final grades.

13. During her interview she was told everything was good and in order with her resume including course work, HR experience, and application.

14. Further the position Plaintiff applied for and received did not require a degree.

15. Plaintiff was employed by the Defendant as an Assistant Human Resources Manager.

16. Upon being hired in March of 2021, Plaintiff was the only person working in the Human Resources department.

17. Upon being hired in March of 2021, Plaintiff did not have a supervisor.

18. On or around April 27, 2021, Shelia Cassady was hired by the Defendant as a Human Resources Manager.

19. Plaintiff was terminated from her employment by the Defendant on or about May 13, 2021.

## COUNT I

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000E ET SEQ.

### (Hostile Work Environment)

20. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-19 above, as if fully set out herein.

21. The Plaintiff is a black female and is, therefore, a member of a protected class.

22. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., as Defendant has created, condoned, and fostered a hostile work environment to the detriment of the Plaintiff, and to which white employees were not subjected to.

23. Plaintiff perceived Shelia Cassady as a white female at all times of her employment, including all times that the discrimination took place.

24. Ms. Cassady is not a member of Plaintiff's protected class.

25. Prior to Ms. Cassady being hired, Plaintiff had no disciplinary issues and was complimented on her work.

26. From the time Ms. Cassady began working for the Defendant, she treated Plaintiff differently than employees outside of Plaintiff's protected class.

27. Ms. Cassady would berate Plaintiff in the office.

28. On one occasion, Ms. Cassady got in Plaintiff's face, pointed her finger at Plaintiff, and asked Plaintiff if she was "dumb or something."

29. On a separate occasion, Ms. Cassady announced to the office that "Beneka [Plaintiff] is a liar."

30. This was a practice that employees outside of Plaintiff's protected class were not subjected to.

31. Ms. Cassady later began taking away work that had been originally assigned to Plaintiff and completing it herself and giving it to other white employees such as Greg Burnett to complete the work.

32. Ms. Cassady also restricted Plaintiff's access to certain company software programs.

33. Ms. Cassady further began answering Plaintiff's company cell phone.

34. These, again, were practices that employees outside of Plaintiff's protected class were not subjected to.

35. Ms. Cassady insinuated to coworkers, including Mary Johnson, that Plaintiff lied about having Human Resources experience.

36. Ms. Cassady repetitively belittled Plaintiff by mentioning in front of coworkers that Plaintiff does not have a SHRM certification.

37. Neither of these assertions made by Ms. Cassady are true, as Plaintiff has HR experience as well as a SHRM certification.

38. None of the foregoing issues arose until after Ms. Cassady began working for the Defendant.

39. Plaintiff reported Ms. Cassady's discriminatory conduct to Asai San, the Vice President of the plant where Plaintiff worked.

40. Mr. San told Plaintiff not to worry about this conduct because Ms. Cassady was a new employee.

41. On May 4, 2021, Ms. Cassady raised her voice at the Plaintiff in front of multiple coworkers.

42. That same day, Ms. Cassady told Jodi Burnett that she was going to "do something" about the Plaintiff.

43. Two coworkers whose witnessed the incident stepped away and later expressed to Ms. Burnett that this interaction made them uncomfortable.

44. Ms. Burnett apologized to Plaintiff for Ms. Cassady's behavior and said that Ms. Cassady's outburst should not have happened.

45. Ms. Burnett further stated that Plaintiff was the nicest person in the office.

46. Also on May 4, 2021, and after being dismissed by Mr. San, Plaintiff submitted a written complaint of discrimination via email to Helen Hagan.

47. Ms. Hagan is a white female and the Corporate Manager of Human Resources.

48. Ms. Hagan opened an investigation into the matters.

49. On May 7, 2021, Plaintiff called Ms. Hagan to report Ms. Cassady's continued discriminatory conduct.

50. On that occasion, Ms. Cassady called Plaintiff a liar in front of multiple coworkers, including Mary Johnson and Katie French.

51. Ms. Hagan instructed Plaintiff to go home because the situation was dangerous.

52. The incident caused Plaintiff to fear for her physical safety.

53. On May 9, 2021, Plaintiff expressed to Ms. Hagan via email that she was afraid of "what she [Ms. Cassady] would do to me [Plaintiff] if we were by ourselves."

54. The belittling comments made by Ms. Cassady about the Plaintiff were routine, offensive, and unwelcomed and began as soon as Ms. Cassady was employed with the Defendant and continued through Plaintiff's termination.

55. All of the above conduct alleged is conduct employees outside of Plaintiff's

protected class were not subjected to.

56. Plaintiff was unable to complete her essential job functions.

57. The terms of her employment were altered by the constant verbal and mental abuse, and she was subjected to a physically threatening environment, to which employees outside of her protected class were not subjected.

58. The Defendant, through Shelia Cassady as an employee, created a hostile work environment based on Plaintiff's race or race was a motivating factor, that was severe and pervasive enough to alter the terms of her employment.

59. Plaintiff was unable to efficiently complete her job and was scared to come in to work due to the stress, fear of verbal and mental abuse, and threat of physical harm.

60. Defendant's discriminatory action(s) against Plaintiff were in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional, done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States, and as such, Plaintiff is entitled to receive punitive damages.

61. Plaintiff has suffered, and continues to suffer, emotional distress, loss of self-esteem and other damages as a direct result of Defendant's unlawful discrimination.

## COUNT II

# RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e-3(a)

62. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-19 above, as if fully set out herein.

63. Around May of 2021, Plaintiff began participating in a protected activity when she reported Ms. Cassady to Asai San, the Vice President of the plant where Plaintiff worked.

64. On May 4, 2021, Plaintiff continued to participate in a protected activity when she reported Ms. Cassady to Helen Hagan, the Corporate Manager of Human Resources.

65. Ms. Cassady became aware that Plaintiff reported her, and the conduct Plaintiff was subjected to worsened.

66. As a result, Plaintiff began to fear for her physical safety.

67. On May 9, 2021, Plaintiff expressed to Ms. Hagan via email that she was afraid of "what she [Ms. Cassady] would do to me [Plaintiff] if we were by ourselves."

68. Plaintiff was terminated by the Defendant on May 13, 2021.

69. Plaintiff has a good-faith belief that the above-mentioned actions were the result of her reporting Ms. Cassady to corporate representatives for harassment.

70. This adverse employment action was in direct retaliation to Plaintiff reporting

Ms. Cassady to corporate representatives for harassment.

71. None of the adverse employment actions and/or events described above occurred until after the Plaintiff reported Ms. Cassady to corporate representatives, forming a causal connection between the adverse employment actions and/or events and the Plaintiff opposing an unlawful employment practice.

72. Defendant intentionally discriminated against Plaintiff by retaliating against her for opposing an unlawful employment practice.

73. Defendant's retaliatory action(s) against Plaintiff violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional, and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

74. Plaintiff has suffered, and continues to suffer, emotional distress, loss of self-esteem and other damages as a direct result of Defendant's unlawful retaliation.

## COUNT III

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000E ET SEQ.

### (Disparate Treatment Based on Race)

75. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-19 above, as if fully set out herein.

76. The Plaintiff, an African American female, is a member of a protected class.

77. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., as Defendant has engaged in the practice of discrimination against Plaintiff.

78. From the time Ms. Cassady began working for the Defendant up until Plaintiff's terminaiton, she treated Plaintiff differently than employees outside of Plaintiff's protected class.

79. Plaintiff was ultimately terminated for performance issues, falsification of a resume and knowledge of HR, and threatening Ms. Cassady.

80. However, prior to Ms. Cassady being hired as Plaintiff's direct supervisor Plaintiff had no documented performance issues and was never on any performance improvement plan.

81. In fact, she was informed she was doing a good job.

82. Further, prior to Ms. Cassady being hired Plaintiff was informed during her interview process that everything was good with her interview, application, and resume including her knowledge and experience in HR.

83. Plaintiff was then hired and worked with no issues until Ms. Cassady was hired as her supervisor.

84. Plaintiff denies ever making any threat to Ms. Cassady.

85. Plaintiff has a good faith belief that these reasons are merely pretextual.

86. Defendant's discriminatory action(s) against Plaintiff violate Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional, done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States, and as such, Plaintiff is entitled to punitive damages.

87. The Defendant discriminated against Plaintiff by terminating her both because of her race or race was a motivating factor, both of which are a violation of Title VII.

## COUNT IV

## VIOLATION OF § 1981 OF THE CIVIL RIGHTS ACT OF 1866 42 U.S.C. §§ 1981 ET SEQ.

88. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-19 and 76-85 above, as if fully set out herein.

89. In terminating Plaintiff, the Defendant intentionally and willfully discriminated against the Plaintiff due to her race in violation of § 1981.

90. The Defendant discriminated against Plaintiff by terminating her both because of her race or race was a motivating factor, both of which are a violation of § 1981.

91. Plaintiff has suffered and continues to suffer lost earnings, emotional distress, loss of self-esteem and other damages as a direct result of Defendant's unlawful discrimination.

## PRAYER FOR RELIEF FOR ALL COUNTS

**WHEREFORE,** Plaintiff prays that this Honorable Court will:

A. Issue a declaratory judgment, declaring the Defendant's past practices herein complained of to be unlawful.

B. Order Defendant to institute and carry out policies, practices, and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices.

C. Order the Defendant to make whole the Plaintiff by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D. Order Defendant to make whole Plaintiff by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, punitive damages, and inconvenience, in amounts to be determined at trial.

E. Grant such further relief as the Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury.

Respectfully submitted,

/s/ Ray Foushee
Raymond Foushee
ASB-9344-X13G
*Attorney for Plaintiff*

/s/Jeremy Schatz
D. Jeremy Schatz
ASB-2400-H34Y
*Attorney for Plaintiff*

OF COUNSEL:
Virtus Law Group
100 41st Street South, Suite A
Birmingham, AL 35222
js@vlgal.com
rf@vlgal.com

**CLERK: PLEASE SERVE VIA CERTIFIED MAIL:**

Vuteq USA, Inc.
C/O C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

# Exhibit 1

EEOC Form 161 (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Beneka Reed<br>340 Gillespie Road Apartment #170<br>Madison, AL 35758 | From: | Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street South<br>Birmingham, AL 35205 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2021-01825 | **MICHAEL COCHRAN,** Investigator | (205) 651-7047 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)     *for* James C Love Sr     September 8, 2021

**BRADLEY A. ANDERSON,**
District Director     *(Date Issued)*

cc:    **Helen Hagan**
**Corporate Human Resources Director**
**VUTEQ USA**
**400 W 550 S**
**Princeton, IN 47670**

     **Ray Foushee, Esq.**
**Virtus Law Group**
**100 41st Street, Suite A**
**Birmingham, AL 35222**

Enclosure with EEOC
Form 161 (11/2020)

**INFORMATION RELATED TO FILING SUIT  
UNDER THE LAWS ENFORCED BY THE EEOC**

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.  
If you also plan to sue claiming violations of State law, please be aware that time limits and other  
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued*** to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Enclosures(s)

cc: